Commonwealth *v.* Hansell, Appellant.

Argued November 14, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Leon Bernstein,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *J. Harold Hughes,* First Assistant District Attorney, and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 21, 1958:

Defendant was tried and convicted by a jury in the Court of Quarter Sessions of Delaware County on four bills of indictment (Nos. 297, 301, 304, and 307, March Sessions, 1957) charging common law bribery, and on four bills of indictment (Nos. 299, 300, 303, and 306, March Sessions, 1957) charging extortion. Defendant was acquitted on four bills of indictment charging bribery of servants and employes. His motion for a new trial, as amended, was refused, and he was sentenced on bill of indictment No. 299, March Sessions, 1957, charging extortion, to pay a fine of $100 and costs, and to undergo imprisonment in the county jail for a minimum of three months or a maximum of six months. Defendant has appealed to this Court after the court below refused his motion for a new trial.

The first contention of appellant is that the trial judge erred in not sustaining appellant's demurrer to the Commonwealth's evidence produced at the trial on all the bills of indictment. The Commonwealth's evidence established that appellant was a member of the police force of the Township of Upper Darby, Delaware County, at the time the offenses charged allegedly took place. The principal witness for the Commonwealth was Louis Lambert, president and manager of McCleary Republican Club located at 7055 Garrett Road, Upper Darby. The club was involved in litigation during 1955, the object of which was to bring about the padlocking of the club. Appellant frequently visited the club during this period, some times while on duty and in uniform and at other times when "out of uniform." Appellant, purporting to act for his superiors in the police force, told Lambert that for $100 per week the police pressure on the club would be removed. Later the demand was reduced to $50 every two weeks, and pursuant to the arrangement appellant was paid $50 in cash by Lambert at the club on Sunday afternoon, December 4, 1955. Thereafter, pursuant to the same arrangement, Lambert paid appellant $50 on each of the following dates—December 18, 1955, January 1, 1956, and January 22, 1956. The payment on January 1, 1956, was witnessed by an employe of the club. After the fourth payment, Lambert, acting on the advice of his counsel, refused to make any further payments.

Appellant's argument on the demurrer is that he could not have been guilty of the offenses with which he was charged as the Commonwealth merely showed that he was acting as an intermediary or agent for his superior officers. We find no merit in this contention. The Commonwealth's evidence, if believed, warranted the finding by the jury that appellant used his posi-

tion as an officer of the police force to demand and extort unlawful payments, and that he accepted the same for the nonperformance of his official duties or for the protection of the club. The evidence established the guilt of the accused as found by the jury. See *Com. v. Wilson (No. 1)*, 30 Pa. Superior Ct. 26, 31. The fact that appellant may have been acting as the agent for his superiors or in concert with them would not excuse him. At least, it was shown that he joined in the commission of the offenses for which he was convicted. See *Com. v. Lowry*, 374 Pa. 594, 600, 98 A. 2d 733. A person who commits an unlawful act is not relieved from the penalty because he was employed by another to do so or because he acted as his agent. *Com. v. Kolb*, 13 Pa. Superior Ct. 347, 354.

We find merit in appellant's contention that the trial judge erred in excluding the testimony of a witness called by appellant's counsel to establish the bad reputation for truth and veracity of Louis Lambert, the principal witness for the prosecution. Appellant's witness, Frederick Gentner, a general contractor for twenty-three years, lived in Upper Darby and had completed a contract for renovation of a bar for Lambert in Prospect Park, Delaware County. Gentner had given appellant employment on this project at Lambert's request. Certainly it was permissible for appellant to have Gentner testify, if qualified, to Lambert's reputation for truth and veracity at the time. This could be established by evidence of the present general reputation for truth and veracity of the witness whose credibility is attacked. *Smith v. Hine*, 179 Pa. 203, 207, 36 A. 222. It may be accepted as well settled that the credibility of a witness may be impeached by showing a bad reputation for truth and veracity. "The proper procedure is to ask the witness whether he is acquainted with the other and with his

general reputation for truth and veracity in the neighborhood in which he resides, and if so, what the reputation is." 2 Henry Pennsylvania Evidence, 4th Ed., §807, pp. 263, 264.

It appeared that Gentner had known Lambert for at least eight years; that he had knowledge of Lambert's reputation for truth and veracity in the community in which they both lived at or about the time of trial. When asked to state what that reputation was, the trial judge sustained an objection by the assistant district attorney. We find nothing in the testimony that would indicate that Gentner's qualification to testify concerning the reputation of Lambert was not based on the common speech of those in the community who knew him. Gentner should have been permitted to state such reputation. It was clearly error for the trial judge to hold that Gentner was not so qualified unless he could name specifically the people who also knew Lambert. A witness cannot be asked questions to elicit his knowledge of particular acts as distinguished from what he has heard; the inquiry is to be limited to the general speech of the community on the subject. *Com. v. Colandro*, 231 Pa. 343, 355, 80 A. 571; *Kimmel v. Kimmel*, 3 S. & R. 336. The test is whether the witness knows the voice of the resident community. 58 Am. Jur., Witnesses, §727, p. 393. Unquestionably a trial judge possesses some discretion in passing upon the qualifications of such witness. However, under the circumstances of this case, the trial judge was in error. It is our conclusion that Gentner was competent, and that, in view of the fact that Lambert was the prosecuting witness, exclusion of the testimony may have been highly prejudicial and necessitates a new trial. Appellant's rights were protected on the record. See Act of May 11, 1911, P. L. 279, §1, as amended by the Act of June 20, 1953, P. L. 552, §1; 12 PS §1196.

The case was capably tried and the verdicts are supported by the evidence. However, confronted as we are by the established legal principles, the exclusion of this reputation testimony constitutes reversible error and requires a new trial. Cf. *Com. v. Wiswesser*, 124 Pa. Superior Ct. 251, 254, 188 A. 604.

Appellant also questions that portion of the charge of the court where the trial judge stated to the jury that they could well ask themselves why the two police officials whose names had been mentioned during the trial had not appeared in court and answered the charge that they were implicated. In view of the fact that the case must be retried, it is not necessary to decide whether the comments of the trial judge on the failure of appellant's superiors to appear and clear their names was prejudicial error in the trial of this appellant.

Although the trial judge may have felt that an explanation should have been made upon the part of the superior officers of appellant, they were not on trial, and it would be well on the retrial that any comment which may be irrelevant or possibly prejudicial to this appellant should be avoided.

Judgment is reversed, and a new trial is granted.