Commonwealth *v.* Kurtz, Appellant.

Argued April 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stanley W. Greenfield,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

Appellant was charged with armed robbery and receiving stolen goods and tried before a judge sitting without a jury. At trial the only Commonwealth witnesses who connected appellant with the robberies were his two alleged accomplices. These co-conspirators had pled guilty to the robberies over eighteen months prior to appellant's trial, but at the time had not yet been sentenced. On cross-examination both witnesses testified that they had no idea why sentencing had been delayed for such an extended period, and that they did not expect to get a lesser sentence by testifying against appellant.

Appellant was convicted as charged, and post-trial motions were denied. No appeal was taken, but subsequently a Post Conviction Hearing Act petition was filed. This petition alleged, *inter alia,* a violation of due process in that the fact-finder was not informed that a bargain of leniency had been made in exchange for the two principal witnesses' testimony.

At the post-conviction hearing the District Attorney who had prosecuted the cases against all three co-conspirators admitted that he had spoken to both witnesses and their attorney concerning testifying against appellant. He indicated that he had mentioned a proposed consideration they would receive from the District Attorney's office, and that he would bring their cooperation before the sentencing judge. The District Attorney also testified that he had said that he would recom-

mend leniency and had discussed the general length of the proposed sentence.

The attorney who had represented the witnesses testified that he had discussed with his clients and the District Attorney an arrangement whereby guilty pleas would be entered, sentencing deferred, and a recommendation of leniency made. He said that "I went back to my clients and told them if they cooperated with the Commonwealth that the District Attorney would recommend leniency."

Appellant's post-conviction petition was denied and this appeal followed.

The Supreme Court of the United States has said that, "it is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment, . . . The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears. . . . The principle . . . does not cease to apply merely because the false testimony goes only to the credibility of the witness." *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 1177 (1959) (Citations omitted). The rule in Pennsylvania is the same, because these witnesses were "under indictment for the same crime, it was entirely possible that [their] testimony was biased having been given under promise or expectation of leniency. The jury was entitled to know that as affecting [their] credibility. See Commonwealth v. Mulroy, 154 Pa. Superior Ct. 410, 36 A. 2d 337 (1944)." *Commonwealth v. Dunn*, 212 Pa. Superior Ct. 384, 389, 243 A. 2d 476, 479 (1968).

The Supreme Court of New Jersey after a careful review of the cases in this area concluded that "the State is under a duty when the matter is raised at trial not to conceal the existence of a promise or agreement

to recommend a specific sentence or leniency for an accomplice who is testifying for the State. Or, put affirmatively, it has the duty to disclose the arrangement when proper inquiry raises the question. . . . When pleas are negotiated, the important purposes to be served are fairness to the pleading defendant and to the public, and where one consideration for the plea is an agreement by a co-defendant to testify truthfully for the state against another defendant, in return for a recommendation of leniency by the prosecutor, such promise or understanding should be fully, fairly and honestly disclosed when it comes into question at the trial." *State v. Taylor*, 49 N. J. 440, 231 A. 2d 212, 216, 221 (1967). Cf. *Miller v. Pate*, 386 U.S. 1, 87 S. Ct. 785 (1967).

In the instant case the credibility of the two co-conspirators who testified against appellant was crucial, as theirs was the only testimony connecting appellant with the crimes. The trier of fact was entitled to know of the existence of the bargain for leniency, as this had a significant bearing on the witnesses' motivation for testifying against appellant. It was the duty of the Commonwealth to bring this arrangement to the attention of the Court when defense counsel inquired into the matter.

Judgment of sentence is reversed, and the case is remanded for a new trial.[1]

WATKINS, J., dissents.

---

[1] Since a new trial is to be granted, we do not consider appellant's contention that he was denied the right to a trial by jury.