456 A.2d 647

In the Interest of LAWRENCE J.

Appeal of LAWRENCE J.

In the Interest of ROBERT J.

Appeal of ROBERT J.

Superior Court of Pennsylvania.

Submitted Sept. 8, 1982.

Filed Feb. 11, 1983.

352

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellants.

Jane Culter Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, participating party.

Before BROSKY, ROWLEY and MONTGOMERY, JJ.

PER CURIAM:

Lawrence J. and Robert J. (appellants), were arrested on April 30, 1979 and charged with attempted rape, indecent exposure, indecent assault, aggravated assault, simple assault and recklessly endangering another person as the result of two (2) separate incidents involving the same victim, Michelle D. The appellants are brothers. The first incident occurred about December 24 or 25, 1978 and involved Lawrence J. who was then 15 years, 11 months old. The second incident occurred December 31, 1978 and involved Robert J. who was then 13 years, 4½ months old. The victim in December 1978 was 9 years old. Both incidents occurred in appellants' home.

Following a consolidated hearing before the juvenile branch of the trial court, appellants were each adjudicated delinquent on the charges of indecent assault and indecent exposure, and were adjudged not guilty of the other charges. Appellants' direct appeals to this Court were consolidated for argument.

Two issues are raised by appellants: 1) Did the trial court err in finding the victim competent to testify?; and 2) Did the trial court err in prohibiting testimony concerning the victim's reputation for truth and veracity?

■■■ Appellants' first argument is without merit. The determination of the competency of witnesses is left to the sound discretion of the trial judge and will not be reversed absent a "flagrant" abuse of discretion. *Commonwealth v. Short*, 278 Pa.Super. 581, 420 A.2d 694 (1980). The determination is based on three criteria. The witness must possess 1) the capacity to communicate, including both an ability to understand questions and to frame and express intelligent answers, 2) the mental capacity to observe the occurrence itself and the capacity of remembering what it is that she is called to testify about, and 3) a consciousness of the duty to speak the truth. *Rosche v. McCoy*, 397 Pa. 615, 156 A.2d 307 (1959). Our review of the record shows that the question of the victim's competency to testify was fully explored during the hearing. The trial court did not err in determining that the victim was competent to testify.

Appellants next argue that the trial court erred in prohibiting testimony by a defense witness concerning the victim's reputation for truth and veracity. We agree.

Appellants' counsel attempted to present testimony from Charlayne J. (appellants' sister) on the issue of the victim's credibility. The following exchange occurred:

MR. GREEN: Charlayne, do you know other people in the neighborhood that know Michelle [victim]?

A: Yes.

Q: Among the people who know Michelle, what is her reputation with reference to truth-telling?

MRS. NEW: Objection, your honor.

THE COURT: Sustained. You are trying to use a character witness against the girl.

MR. GREEN: Yes.

THE COURT: You can't do that. You have to use sights, incidents, and places and people. You have to lay the groundwork.

MR. GREEN: Okay. Who do you know in the community that knows Michelle?

A: Everyone.

Q: Does she live in your neighborhood?

A: Yes.

Q: Have you talked to people about her?

A: No.

Q: Have people told you anything about her?

A: Yes.

Q: Have people in the community told you anything about their opinion of her reputation for veracity, that is for telling the truth?

MRS. NEW: Objection.

THE COURT: Sustained.

■ Section 3106 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 3106, requires that the credibility of an alleged rape victim "be determined by the same standard" that is applied to the victim of any other crime. One of the ways to attack a party's credibility is through testimony concerning the party's bad reputation in the community for truth and veracity. *Commonwealth v. Smith*, 240 Pa.Super. 212, 361 A.2d 862 (1976); 2 Henry, Pennsylvania Evidence § 804 (4th ed. 1953). The inquiry is limited, however, to the general speech of the community on the subject. The reputation witness can not be asked questions or give answers regarding specific acts, as distinguished from what she has heard in the neighborhood. *Commonwealth v. Hansell*, 185 Pa.Super. 443, 137 A.2d 816 (1958).

■ From the record it appears that appellants' counsel was attempting to introduce evidence of the victim's reputation in the community for truth and veracity to impeach her credibility. The court therefore erred in sustaining the Commonwealth's objection to the testimony. The Commonwealth's argument on appeal, although couched in terms of "admissibility", is in fact directed to the unreliability of Charlayne's testimony because she is appellants' sister. Such an argument attacks the *weight* to be given such testimony, but not its admissibility.

■ Not all error that is committed during a trial is harmful. However, an appellate court in reviewing the

record must be convinced beyond a reasonable doubt that the error did not contribute to the verdict or adjudication before it can be determined that the error was harmless. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978). We cannot say that the trial court's erroneous ruling in these cases did not contribute to the adjudications of delinquency. The only direct evidence against appellants was the testimony of the victim which was denied by appellants. Therefore, the issue of her credibility was crucial. The fact that there was a delay of some 3 and ½ months in filing the charges against appellants, and that there was evidence of record that the victim allegedly admitted to appellants' sister, Charlayne, that the charges were false, made the victim's credibility a critical issue. The rejected portion of Charlayne's testimony *may* have been sufficient to create a reasonable doubt of the appellants' guilt in the fact finder's mind. The exclusion of Charlayne's testimony, therefore, resulted in the denial of a fair trial to appellants. For that reason, appellants are entitled to a new hearing at which the rejected evidence should be received.

Orders reversed and cases remanded for a new adjudicatory hearing. Jurisdiction is relinquished.