467 A.2d 636
**COMMONWEALTH of Pennsylvania**
v.
**Walter WYCHE, Appellant.**
Superior Court of Pennsylvania.
Submitted Jan. 20, 1983.
Filed Oct. 28, 1983.

Louis Lipschitz, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

CAVANAUGH, Judge:

This is a direct appeal from judgment of sentence entered in a jury trial, after a finding of guilt of first degree murder[1] and possession of instruments of crime.[2] Post trial motions were filed by trial counsel; however, appellant has secured new counsel to preserve this appeal.

The relevant facts are as follows. The Commonwealth presented evidence that early one morning, one Keith Moody, the Commonwealth's key witness, and Aubrey Miller, the victim, were on their way to pick up pizza. As they were walking down the street, they were confronted by two men, known to Moody by their neighborhood nicknames, who began to shoot at them. Moody and Miller successfully fled these assailants, but a short distance away were confronted by another man, also known to Moody by his neighborhood nickname, and identified as appellant. As Moody and Miller started to run again, this man also began shooting at them. Miller indicated that he had been hit and told Moody to get the police, which he did. It later turned out that Miller had been hit three times, once in the right thigh, once in the right hand and once in the pelvic area

1. 18 Pa.C.S. § 2502(a).

2. 18 Pa.C.S. § 907.

through the right buttock. Miller died of bleeding caused by the latter bullet which damaged major blood vessels and internal organs after entry.

The appellant defended on the theory that he was mistakenly identified, and that another had actually shot Miller. To this end, appellant offered the testimony of an eyewitness who identified one Terry Murphy as the gunman, and another witness who claimed that Terry Murphy had admitted the shooting to her. Terry Murphy was himself subpoenaed by appellant, but disappeared before trial and never reappeared.

■ Appellant first argues that the evidence was insufficient to support a finding of first degree murder, since no specific intent to kill may be inferred from a bullet shot into the buttocks.

In reviewing the sufficiency of the evidence, we must view the evidence in a light most favorable to the verdict winner, in this case the Commonwealth. *Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973). The test to be applied is whether accepting as true all of the evidence, direct or circumstantial, and all reasonable inferences therefrom upon which, if believed, the jury could, properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime with which he is charged. *Commonwealth v. Pitts*, 450 Pa. 359, 301 A.2d 646 (1973).

*Commonwealth v. Mangini*, 478 Pa. 147, 152, 386 A.2d 482, 484–485 (1978). Here, the evidence so viewed, reveals that the appellant aggressively attacked the victim, shooting four shots, three of which hit their target. Although the fatal slug entered the victim through the buttock, the jury could properly infer the specific intent to kill from these circumstances. *Commonwealth v. Padgett*, 465 Pa. 1, 348 A.2d 87 (1975).

Appellant also argues that the lower court erred in denying his requested point for charge relating to the disappearance of Terry Murphy, who appellant claimed was the actual gunman. The requested point for charge was as

follows: "3. When a person is sought in regard to a particular crime and the actor knows that he is being sought, evidence of flight is admissible to show the actor's consciousness of guilt."

We agree with the appellant that the benefit of a "flight" instruction, which is available to the Commonwealth with respect to the defendant's guilty behavior, should also be available to a defendant with regard to another's guilty behavior where the accused defends on that basis. *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1981). However, in this case there was no showing that Terry Murphy, the missing witness, who was not charged with this crime, was aware that he was being sought by the appellant for its commission. In fact, Terry Murphy had coincidentally been subpoenaed in another case in which he was charged with a crime and had also failed to appear. Whatever Terry Murphy's reasons for not appearing were, it cannot be said that it was more probable that he was evading one subpoena over the other, and, therefore, the evidence of his flight was not relevant and the requested point for charge was properly denied. *Commonwealth v. Woong Knee New*, 354 Pa. 188, 47 A.2d 450 (1946); *Commonwealth v. Diggs*, 260 Pa.Super. 349, 394 A.2d 586 (1978).

Appellant, through present counsel, also argues that trial counsel's assistance was ineffective for the following reasons:

(1) failure to preserve the issue of the lower court's allowance of an in-court identification of appellant (Appellant's Brief at 15);

(2) failure to preserve the issue of the lower court's allowance of certain hearsay testimony (Appellant's Brief at 23);

(3) failure to preserve the issue of the lower court's allowance of evidence of appellant's gang membership (Appellant's Brief at 26);

(4) failure to object to impeachment of defense witness by evidence of prior crimes (Appellant's Brief at 36); and

488

(5) failure to preserve the issue of the lower court's allowance of the use of a certain report to impeach a defense witness (Appellant's Brief at 40).

■ No evidentiary hearing has been held on these points and the record is insufficient to determine whether trial counsel failed to preserve issues of arguable merit. Accordingly, the record is remanded to conduct an evidentiary on appellant's claims of ineffective assistance of trial counsel.

Jurisdiction is not retained.