621 A.2d 1023

**COMMONWEALTH of Pennsylvania**

v.

**Patrick HARTEY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1992.

Filed March 16, 1993.

30

Norris E. Gelman, Philadelphia, for appellant.

Peter Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a judgment of sentence for first degree murder,[1] criminal conspiracy,[2] and possession of an instrument of crime.[3] Appellant, Patrick Hartey, raises six issues on appeal.

I. [Whether] trial counsel was ineffective for failing to preserve his objections to the improper bolstering of the Barth preliminary hearing testimony in his written post trial motions, and was also ineffective for failing to object to the improper bolstering in her opening address?

II. [Whether] trial counsel was ineffective for failing to object to the court's exclusion of defense witnesses who would have testified to the poor reputation for truth and veracity on the part of the most critical Commonwealth witness, John Barth?

III. [Whether] trial counsel was ineffective for failing to object to the court's charge which directed the attention of the jury to the state of mind of the shooter, and permitted appellant's conviction based on the state of mind of the shooter and not based on his state of mind, and which never informed the jury that in order to convict appellant of first degree murder it had to find, beyond a reasonable doubt, that he harbored the specific intent to kill the victim?

IV. [Whether] trial counsel was ineffective for failing to properly preserve his objection to the court's refusal to answer the first jury inquiry in the affirmative?

1. 18 Pa.C.S.A. § 2502(a).
2. 18 Pa.C.S.A. § 903.
3. 18 Pa.C.S.A. § 907.

V. [Whether] trial counsel was ineffective for failing to request a flight charge as to the missing witness, John Barth?

VI. [Whether] the cumulative effect of these errors on counsel's part deprived appellant of anything close to a fair trial?

Appellant's Brief at i-ii.

Following a joint trial with co-defendant Thomas McCandless appellant was convicted of first degree murder, criminal conspiracy, and possession of an instrument of crime on August 20, 1982. Post-trial motions were filed and denied and on April 17, 1984, appellant was sentenced to life imprisonment. Appellant's trial counsel took a timely appeal but failed to file a timely appellate brief which resulted in the dismissal of appellant's appeal on September 20, 1985.

Michael McAllister replaced trial counsel and secured the reinstatement of direct appellate rights after a PCHA proceeding on May 20, 1987 in which other relief requested by appellant was denied. Mr. McAllister took a timely appeal to this court, however he too failed to file a timely appellate brief and the appeal was dismissed.

This unfortunate procedure repeated itself once again when Mr. Vincent Lorusso, appellant's third attorney, secured appellant's right to take a direct appeal after filing a PCHA petition, and subsequently failed to file a timely brief. The third appeal was then dismissed on March 28, 1988.

Present counsel for appellant filed a PCRA petition seeking to have direct appellate rights reinstated on May 23, 1990. The PCRA Court granted the right to appeal *nunc pro tunc* on March 6, 1992. This timely appeal followed. For the reasons that follow, we affirm.

Appellant first contends that trial counsel was ineffective for failing to object and preserve for appeal the improper bolstering of Commonwealth witness John Barth. Specifically, he argues that trial counsel was ineffective for failing to preserve for appeal his objection to the improper bolstering of the Barth testimony by Commonwealth witness Joseph Murray

34

and for failing to object to the improper bolstering of Barth's testimony by the prosecutor in her opening statement. We disagree.

Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 975 (1987). To prevail on a claim of ineffectiveness, appellant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his interests and that counsel's conduct prejudiced him. *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). In the instant case appellant's underlying contentions regarding bolstering by the Commonwealth are meritless.

Mr. Murray, the Assistant District Attorney who had negotiated the agreement with Barth, was called by the prosecution to explain the full extent of the agreement. It is well-settled that the Commonwealth has a duty not to conceal the existence of a promise or of an agreement to recommend a specific sentence or leniency for a crucial prosecution witness. *Commonwealth v. Hallowell*, 477 Pa. 232, 383 A.2d 909 (1978); *Commonwealth v. Weismann*, 401 Pa.Super. 62, 70, 584 A.2d 980, 984 (1990), *allocatur denied* 528 Pa. 644, 600 A.2d 195 (1991); *Commonwealth v. Floyd*, 259 Pa.Super. 552, 393 A.2d 963 (1978); *Commonwealth v. Kurtz*, 219 Pa.Super. 1, 280 A.2d 410 (1971). Such agreements have a significant bearing on the witnesses' motive for testifying and hence their credibility. Thus, they should be fully, fairly and honestly disclosed when they come into question at trial. *Floyd*, 259 Pa.Super. at 558–59, 393 A.2d at 966–67; *Kurtz*, 219 Pa.Super. at 4, 280 A.2d at 411.

In the instant case Barth testified at the preliminary hearing that it was his understanding that the Commonwealth would drop the murder charge against him if he testified against the co-defendants. N.T. 8/10/82 at 787. However, Barth's agreement with the Commonwealth was in fact more favorable than Barth's testimony indicated. Therefore, Mur-

ray testified to the additional terms included in the agreement with the Commonwealth, namely that the Commonwealth agreed to assist Barth in having his bail reduced, and that Barth was released on bail. N.T. 8/11/82 at 803, 814.

Appellant however contends that in giving this testimony, Murray improperly bolstered Barth's credibility when he testified that he told Barth that the deal would only be valid if Barth's story was corroborated by the District Attorney's investigation. This court has recognized that improper bolstering or vouching for witnesses by the Commonwealth occurs in two situations: "(1) When the prosecution places the prestige of the government behind the witness by personal assurances of the witness's veracity; and (2) when the prosecution indicates that information which is not before the jury supports the witnesses testimony." *Commonwealth v. Reed,* 300 Pa.Super. 224, 230, 446 A.2d 311, 314 (1982).

In the instant case Mr. Murray expressed no personal opinion as to the truthfulness of Mr. Barth's testimony. Nevertheless, the court gave the jury a cautionary instruction in relation to Mr. Murray's testimony as follows:

In evaluating the testimony of Joseph Murray, Chief of the Homicide Unit of the District Attorney's Office, who testified this morning, if you interpreted any of his responses to the questions to include any opinion by him of the truthfulness of the witness Barth's statement, then his testimony as to that matter should be disregarded by you and you should understand that such testimony was not offered for that purpose. You, as the jury, are the sole finders of the facts and, as such, the credibility of all witnesses."

N.T. 8/11/82 at 920–21. Therefore, any possible prejudice to the appellant from Murray expressing a personal opinion about the veracity of witness Barth was eliminated.

Additionally, Murray did not refer to matters outside the evidence in relating the terms of the agreement with Barth, as the corroborative information resulting from the investigation was presented to the jury. A medical examiner's testimony, corroborated three important aspects of Barth's testimony. First, the medical examiner's testimony that the victim suf-

fered head injuries in addition to fatal gunshot wounds, N.T. 8/12/82 at 1014–16, was consistent with Barth's testimony that the co-defendant struck the victim on the head with a pistol, N.T. 8/10/82 at 779–80, 789–91. Second, he stated that the head injuries probably occurred prior to the shooting as Barth described. N.T. 8/12/82 at 1016–17; N.T. 8/10/82 at 779–80, 789–91. Third, both testified that the victim was shot in the back. N.T. 8/12/82 at 1013–14; N.T. 8/10/82 at 780.

Moreover, Barth's testimony that the co-defendant accused the victim of spying on his wife before he killed the victim was corroborated by evidence that the victim had fired a gun at the parked car of the co-defendant's wife. N.T. 8/10/82 at 780; N.T. 8/11/82 at 954–56. Also Barth's testimony that the co-defendant was the gunman was corroborated by a ballistics expert who testified that the victim was killed with either a .38 special or a .357 Magnum and the victim's brother, who saw the co-defendant threaten the victim with a similar-sized gun after the victim had testified against the co-defendant at a preliminary hearing. N.T. 8/10/82 at 781; N.T. 8/11/82 at 864–66; N.T. 8/11/82 at 932–35. Finally, Barth's claim that the co-defendant rented the garage where the shooting occurred was fully corroborated by independent testimony. N.T. 8/10/82 at 783; N.T. 8/11/82 at 824–30; N.T. 8/12/82 at 997–1001.

Thus, the jury was presented with extensive evidence corroborating Barth's statement. Therefore, Murray's statement relating to the corroboration of Barth's testimony cannot then be construed as referring to facts not before the jury.[4]

Similarly, then, the prosecutor's reference to steps taken to verify Barth's testimony referred to Murray's testimony and the other testimony presented which corroborated Barth's testimony. It was thus a fair characterization of the evidence presented by the Commonwealth and squarely within the

4. Moreover, this court has recognized that an Assistant District Attorney's testimony concerning the general procedures employed to verify information received from a witness does not improperly bolster the witness' credibility. *Commonwealth v. Vidmosko*, 393 Pa.Super. 236, 243–44, 574 A.2d 96, 99 (1990), *allocatur denied* 527 Pa. 645, 593 A.2d 418 (1991). In this case, the witness's mere reference to "corroborating" a statement by "investigation" was clearly proper.

parameters of a proper opening statement. *See, e.g., Commonwealth v. Stetler*, 494 Pa. 551, 431 A.2d 992 (1981) (prosecutor's opening statement should be a fair deduction from evidence that the Commonwealth in good faith expects to develop). Accordingly appellant's underlying contention is without merit, and hence counsel cannot be deemed ineffective.

■ Appellant next contends that trial counsel was ineffective for failing to object to the trial court's exclusion of defense witnesses who would have testified to the poor reputation for truth and veracity of Commonwealth witness, John Barth. We disagree.

As stated previously, in order to prevail on an ineffectiveness claim, appellant must first demonstrate that his underlying claim has merit. In the instant case, trial counsel for appellant's co-defendant offered to present several witnesses, whose names he did not know, whom he claimed would testify to Commonwealth witness Barth's bad reputation for truth and veracity in the community. N.T. 8/12/82 at 1071–72; N.T. 8/13/92 at 1242. The court precluded these alleged witnesses from testifying.

While it is well established that witnesses may be impeached by evidence of bad reputation for truth or veracity,[5] we decline to find counsel ineffective for failing to object to the court's exclusion of so tenuous an offer of proof by co-defendant's trial counsel. Neither the identities nor the actual availability of the alleged witnesses was established. In addition, there is no evidence in the record regarding these witnesses. Accordingly, we find that appellant's underlying claim is without merit.

■ Moreover, appellant was not prejudiced by the absence of reputation testimony to attack the credibility of Commonwealth witness Barth. The jury already had before it abundant evidence attacking Barth's credibility. The jury was

**5.** *See Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976); *In the Interest of Lawrence J.*, 310 Pa.Super. 351, 456 A.2d 647 (1983); *Commonwealth v. Hansell*, 185 Pa.Super. 443, 137 A.2d 816 (1958).

aware that Barth himself was charged with the murder, that he made a deal in order to be released on bail and to have the murder charges dropped, and that he had failed to appear for trial. N.T. 8/11/82 at 803, 818, 820. In addition, the defense introduced evidence that Barth had admitted to several others that he had committed the murder and was trying to pin it on the the co-defendants. N.T. 8/12/82, at 1082–83, 1115, 1128–29, 1132–34, 1151–52. Barth had also admitted on cross-examination that he had used a false name, that of co-defendant McCandless, when he had been arrested in an unrelated matter. N.T. 8/10/82 at 788–89. Finally, the trial court issued an accomplice/corrupt source charge with respect to Barth, instructing the jury to look upon his testimony with disfavor, and to accept it only with "caution and care." N.T. 8/19/82 at 1509.

Thus, as there was extensive impeachment evidence introduced concerning Barth's credibility, and motive to testify falsely, as well as the court's charge, any additional evidence attacking Barth's credibility would have been merely cumulative. Appellant therefore cannot demonstrate that the absence of this cumulative evidence affected the outcome of the trial. See *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Petras,* 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987) (citations omitted); *Commonwealth v. Jennings,* 405 Pa.Super. 590, 597–99, 592 A.2d 1370, 1374–75 (1991) *allocatur denied* 529 Pa. 632, 600 A.2d 952 (1991). Accordingly, appellant's ineffective assistance of counsel claim must fail.

 Appellant next contends that trial counsel was ineffective for failing to object to the trial court's jury charge. Specifically, appellant argues that the court's charge directed the attention of the jury to the state of mind of the co-defendant and permitted appellant's conviction based on the state of mind of the co-defendant. Appellant asserts that the court never informed the jury that in order to convict appellant of first degree murder it had to find, beyond a reasonable doubt, that appellant had the specific intent to kill. We disagree.

The trial court's charge on accomplice liability and on the required mens rea for first degree murder was entirely proper. The court's charge on accomplice liability mirrored the relevant statutory definitions.[6] Moreover, the court explicitly instructed the jury that in order to find appellant guilty as an accomplice to first degree murder, they would have to ask themselves "did the defendants have the willful, deliberate, and premeditated specific intent to kill at the time of the killing." N.T. 8/19/82 at 1524. Thus, the jury was instructed that in order for appellant to be found guilty both he and his co-defendant had to have the specific intent to kill. Appellant's claim therefore that the jury instruction was improper is meritless. *See Commonwealth v. Chester*, 526 Pa. 578, 613–14, 587 A.2d 1367, 1384–85 (1991) *cert. denied*, —— U.S. ——, 112 S.Ct. 422, 116 L.Ed.2d 442 (1991).

Appellant next contends that his trial counsel was ineffective for failing to properly preserve his objection to the court's refusal to answer the first jury inquiry in the affirmative. We disagree.

 The nature of the court's response to inquiries from the jury is within the discretion of the court, so long as the court accurately instructs the jury on the appropriate legal principles involved. *Commonwealth v. Tervalon*, 463 Pa. 581, 592, 345 A.2d 671, 677 (1975); *Commonwealth v. Haddle*, 271 Pa.Super. 418, 422, 413 A.2d 735, 738 (1979); *Commonwealth v. Fried*, 382 Pa.Super. 156, 163, 555 A.2d 119, 122 (1989) *allocatur denied* 522 Pa. 623, 564 A.2d 915 (1989). Here, the jury asked the court: "Can two people being tried for the same charge be guilty of different degrees of murder?" N.T. 8/19/82 at 1554. There was a dispute between appellant's trial counsel and the assistant district attorney about what the jury was asking, so the court asked the jury to clarify their question. N.T. 8/19/82 at 1553. The jury then returned with the question "please explain what an accomplice is according to the law?" N.T. 8/19/82 at 1554. The court then properly reinstructed the jury on accomplice liability. This was proper and within the courts discretion. *See Commonwealth v.*

6. *See* 18 Pa.C.S.A. §§ 306(c), 2502(a), (d).

*Washington,* 274 Pa.Super. 560, 567–68, 418 A.2d 548, 552 (1980) (rejecting claim that court erred in reinstructing the jury in lieu of responding with a yes or no answer). Thus, appellant's underlying claim is meritless and his ineffectiveness claim must fail.

Appellant next claims that trial counsel was ineffective for failing to request a flight charge as to Commonwealth witness Barth. Once again we disagree.

■ A flight charge is appropriate "when a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt and may form the basis in connection with other proof from which guilt may be inferred." *Commonwealth v. Coyle,* 415 Pa. 379, 393, 203 A.2d 782, 789 (1964). The charge is usually given where the accused has exhibited such guilty behavior. This court has suggested that the charge should also be available "to a defendant with regard to another's guilty behavior where the accused defends on that basis." *Commonwealth v. Wyche,* 320 Pa.Super. 483, 487, 467 A.2d 636, 637–38 (1983).

■ However, we do not believe a flight charge was appropriate in the instant case. Barth had entered into an agreement with the Commonwealth pursuant to which he would not be prosecuted for the murder of the victim if he testified at the preliminary hearing and at trial. Therefore, the only way Barth would be "wanted" for the crime in the instant matter was if he failed to testify. Therefore, it cannot be stated that Barth fled in order to avoid prosecution. Without this fear being the motivation for his flight or failure to appear, it is not probative of consciousness of guilt. *Commonwealth v. Jones,* 457 Pa. 563, 576, 319 A.2d 142, 149 (1974), *cert. denied,* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974). Accordingly, a flight charge was not appropriate in the instant case. Thus, appellant's claim of ineffective assistance of counsel is meritless.

Appellant's final claim is that the cumulative effect of the aforementioned allegations of ineffective assistance of counsel

deprived appellant of a fair trial and hence require that appellant be granted a new trial. In light of our resolution of the previous issues, this claim is meritless. Accordingly, we affirm the judgment of sentence.

Affirmed.