J-S09036-22

2022 PA Super 55

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                :               PENNSYLVANIA
                                                  :
           v.                                  :
                                                  :
                                                  :
TYREEK WILSON                           : 
                                                  :
                  Appellant                 :    No. 1018 EDA 2021

Appeal from the Order Entered May 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014996-2013

BEFORE:  LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:             **FILED MARCH 31, 2022**

Appellant Tyreek Wilson appeals from the order of the Court of Common Pleas of Philadelphia County denying Appellant's first petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541, *et seq*.  Appellant raises three claims alleging the ineffectiveness of his counsel.  We affirm.

In the underlying case, a jury convicted Appellant of robbery, attempted burglary, simple assault, and recklessly endangering another person.  On direct appeal, this Court summarized the factual background and procedural history of this case as follows:

> On November 15, 2013, at 7:00 p.m., Mary Ellen Kelly went to Holly Turner's apartment at 29th Street and Girard Avenue in Philadelphia, Pennsylvania. **See** Notes of Testimony (N.T.), 6/9/15, at 55–58, 67, 101–103. Ms. Kelly rang the buzzer for Ms. Turner's apartment. **Id**. at 103. Ms. Turner, who was using crutches as a result of a broken foot, unlocked the inner vestibule door and the outside door of the apartment building. **Id**. at 57–

---

[*] Former Justice specially assigned to the Superior Court.

58, 103–04. Appellant was standing a few feet behind Ms. Kelly. *Id.* at 62–63, 103–08. As she entered the vestibule, Appellant pushed his way in behind her. *Id.* at 63, 103–04, 110–11. The two women attempted to push Appellant out while he tried to force his way into the apartment proper. *Id.* at 63, 68–71, 104, 110–11. Ms. Turner kicked the apartment door shut while screaming for help. *Id.* at 69–72, 104, 113–14. During the struggle, both women were able to see Appellant's face; Ms. Kelly noted he was wearing a black coat with a brand tag reading "Zero." *Id.* at 125.

Appellant punched Ms. Kelly in the face and body, pulled her hair and her scarf, and shoved her against the wall. *Id.* at 64, 73, 115–16. Ms. Kelly screamed and fell to the ground while Appellant kicked her. *Id.* at 64, 72–73, 104, 115–17. Ms. Turner kicked Appellant in the groin. *Id.* at 64, 118. Appellant grabbed Ms. Kelly by the hair and dragged her three to four feet from the vestibule. *Id.* at 64, 121–23. The cross-body bag she was wearing snapped, and Appellant fled with the purse northbound on 30th Street. *Id.* at 77, 104, 123; N.T., 6/10/15, at 19–20. During the struggle, Appellant dropped his phone. *Id.* at 77.

Ms. Turner's neighbors arrived on the scene and told her they had called 911; Ms. Turner spoke to the dispatcher and gave a description of Appellant. *See* N.T., 6/9/15, at 76–77, 125–26. An unmarked police car arrived within a few minutes: Ms. Kelly got in the car with officers, and Ms. Turner remained at the apartment and picked up Appellant's phone. *Id.* at 77; N.T., 6/10/15, at 19–20, 23–24, 49–51. Ms. Kelly had an iPhone with a tracking application installed on it, so the police were able to follow Appellant's location. *See* N.T., 6/9/15, at 125–26; N.T., 6/10/15, at 24. Based on Appellant's westbound trajectory on Girard Avenue, officers concluded Appellant was on a trolley. *See* N.T., 6/9/15, at 128–29; N.T., 6/10/15, at 24–25.

Officers stopped two trolleys at 34th Street and Girard Avenue; on the second trolley, Ms. Kelly identified Appellant as the assailant. *See* N.T., 6/9/15, at 129–131; N.T., 6/10/15, at 25–26. Officers recovered Ms. Kelly's iPhone from Appellant, who was then arrested. *Id.* As a result of the assault, Ms. Kelly suffered a burn across the neck due to Appellant's pulling the bag; a black eye; and bruises on her arms and legs. *See* N.T., 6/9/15, at 134; N.T., 6/10/15, at 61–62. Police officers obtained a search warrant for Appellant's phone, which was logged into his Facebook account. *See* N.T., 6/10/15, at 65–70.

Prior to trial, Appellant cut the strap of his electronic monitoring bracelet and fled; a bench warrant was issued for his arrest. *See* N.T., 6/8/15, at 20–22, 25–26; N.T., 6/9/15, at 13–20, 26; N.T., 6/10/15, at 104–08, 114–133, 135–39. Appellant was subsequently tried in absentia. *See* N.T., 6/8/15, at 4, 21–22, 25–26; N.T., 6/9/15, at 13–20, 26. After the jury found Appellant guilty on all charges, Appellant was sentenced in absentia to twenty-two to forty-four years of incarceration. *See* N.T., 6/11/15, at 116–18; N.T., 9/17/15, at 4–6.

On September 22, 2015, while Appellant was still a fugitive, counsel filed a post-sentence motion on his behalf, which the court denied. On October 8, 2015, counsel filed a notice of appeal on Appellant's behalf, again, while he was still a fugitive. Appellant was taken into custody on new charges in October 2015. Following a bench warrant hearing on October 16, 2015, three days prior to the thirty-day appeal period running, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Instead, Appellant filed a second post-sentence motion. Appellant was allowed the opportunity for allocution, but the court denied his motion for reconsideration.

*Commonwealth v. Wilson*, 3079 EDA 2015, 2017 WL 3933410, at *1–2 (Pa.Super. Sept. 8, 2017) (unpublished memorandum) (footnote omitted).

On September 8, 2017, this Court affirmed the judgment of sentence. In doing so, this Court declined to find that Appellant waived his appellate rights during the time period in which he had been a fugitive as Appellant had been returned to court custody three days before the time to file an appeal had expired.

However, this Court found Appellant had waived his right to challenge the discretionary aspects of his sentence as he had been a fugitive during the time period in which he was required to file a post-sentence motion. *Id*. (quoting *Commonwealth v. Doty*, 997 A.2d 1184, 1187 (Pa.Super. 2010); *Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997) (stating that "a

- 3 -

fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return; if time for filing has elapsed, he may not file; if it has not, he may").

This Court determined that there was no merit to the sole issue Appellant had presented for appeal in which he challenged the sufficiency of the evidence supporting his simple assault conviction. On March 28, 2019, the Supreme Court denied Appellant's petition for allowance of appeal.

On March 20, 2020, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed an amended PCRA petition, raising claims of ineffectiveness of both trial and appellate counsel. On March 9, 2021, the PCRA court sent Appellant notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 13, 2021, the PCRA court dismissed Appellant's petition. This timely appeal followed.

Appellant raises the following issues for our review on appeal:

1. Whether the court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness?

2. Whether the court was in error in not granting relief on the issue that counsel was ineffective for the following reasons:

   a. Appellate counsel was ineffective for failing to appeal the denial of the objection to prejudicial evidence.

   b. Appellate counsel was ineffective for failing to appeal the denial of the mistrial motion.

   c. Trial counsel was ineffective for failing to object to an incorrect jury instruction.

Appellant's Brief, at 8 (reordered for ease of review).

- 4 -

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa.Super. 2019) (quoting *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (internal citations and quotation marks omitted)). To successfully challenge the lower court's decision to deny the petitioner a hearing on his PCRA petition, "an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011).

Appellant raises several claims of the ineffectiveness of trial and appellate counsel. In reviewing such claims, we are guided by the following principles:

[a]s originally established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the

effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

*Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 419 (2009).

*Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa.Super. 2020).

First, Appellant argues that appellate counsel was ineffective in failing to appeal the trial court's decision to allow the Commonwealth to introduce into evidence prison visitation logs that showed the identity of the individuals that visited Appellant in prison. The Commonwealth argued that this evidence had significant probative value to show that the individuals who visited Appellant in prison were contacts that had exchanged messages with the cell phone inadvertently dropped by the perpetrator of the crimes at issue.

As such, the Commonwealth argued that the prison visitation log was important to assist the prosecution in proving that the discarded phone belonged to Appellant as this evidence further corroborated the eyewitnesses' identifications of Appellant as the perpetrator.

Appellant does not dispute that the prison visitation logs were relevant evidence, but claims that the prejudicial impact of the prison visitation logs outweighed the probative value of the evidence. Specifically, Appellant argues that the Commonwealth could have proved the same connection by using Appellant's Facebook page rather than prejudicial prison records, which Appellant claims showed that he was incarcerated long enough to have numerous visitors. Appellant's Brief, at 19.

In reviewing Appellant's challenge to the lower court's discretion to admit certain evidence, the following standard is applicable:

> [t]he admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion. Our standard of review of a challenge to an evidentiary ruling is therefore limited. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Williams*, 241 A.3d 1094, 1101 (Pa.Super. 2020)

(quoting *Commonwealth v. Lekka*, 210 A.3d 343, 353–54 (Pa.Super. 2019)

(internal citations and quotations omitted)).

It is well-established that:

> "[r]elevance is the threshold for admissibility of evidence." *Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa. Super. 2015) (*en banc*) (citation omitted).
>
> > Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or tends to support a reasonable inference or proposition regarding a material fact. Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
> >
> > *Commonwealth v. Danzey*, 210 A.3d 333, 342 (Pa. Super. 2019) (citation and quotation marks omitted), *appeal denied*, 219 A.3d 597 (Pa. 2019).

*Commonwealth v. LeClair*, 236 A.3d 71, 78 (Pa.Super. 2020).

However, we emphasize that a trial court is not required to prohibit evidence merely because it is harmful to the defense. ***Commonwealth v. Kouma***, 53 A.3d 760, 770 (Pa.Super. 2012).

> [E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case.... This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand[.]"

***Id***. (quoting ***Commonwealth v. Page***, 965 A.2d 1212, 1221 (Pa.Super. 2009) (quotations and quotation marks omitted)).

In reviewing the record, we find the trial court properly exercised its discretion in permitting the Commonwealth to introduce the prison visitation logs, which established that the individuals who visited Appellant in jail were persons that he had relationships with or were authorized to visit him. When the prison visitation log was compared to the contacts listed in the phone dropped by the perpetrator as well as the recipients of messages and calls from the recovered phone, it provided strong evidence to establish that Appellant was the owner and operator of the phone found at the crime scene.

The Commonwealth was able to use this evidence to corroborate the victims' identification of Appellant as their attacker as Appellant had been a complete stranger to them before the robbery.

Appellant's suggestion that the Commonwealth should have simply compared the phone's contacts and data on the recovered phone to Appellant's Facebook account is not convincing as the defense could have

argued that another individual could have had access to Appellant's Facebook account and logged on. As such, the prison visitation log provided a stronger connection between Appellant's personal visitors and the contacts on the phone dropped by the perpetrator of the crimes at issue.

We disagree with Appellant's assertion that the probative value of the prison visitation log was outweighed by unfair prejudice. The prison visitation log in no way suggested that Appellant had been involved in prior criminal activity or was incarcerated on different charges. The jury was aware Appellant was arrested by police and taken into custody on the same day that he had committed very serious offenses in robbing and attacking two women near the entrance of one of the victim's homes. The jury was also aware that Appellant subsequently cut off his house arrest bracelet and had absconded, necessitating a trial *in absentia*.

As Appellant has failed to show the trial court abused its discretion in allowing the admission of the prison visitation logs, Appellant's failure to show his underlying claim has merit requires rejection of the ineffectiveness claim. ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) ("[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim") (citation omitted).

Second, Appellant asserts that appellate counsel was ineffective in failing to appeal the trial court's denial of his motion for a mistrial, which was based on an improper statement by a prosecution witness.

We begin by noting that "[a] mistrial is an extreme remedy only warranted when the prejudice to the movant cannot be ameliorated to ensure a fair trial." **Commonwealth v. Goods**, 265 A.3d 662, 665 (Pa.Super. 2021) (quoting **Commonwealth v. Risoldi**, 238 A.3d 434, 458 (Pa.Super. 2020)). Our courts have recognized that a trial court may grant a mistrial only "where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." **Commonwealth v. Wright**, 961 A.2d 119, 142 (Pa. 2008). As such, we review a trial court's decision to deny a motion for a mistrial pursuant to an abuse of discretion standard. **Id**.

Appellant specifically claims that appellate counsel should have appealed the denial of his motion for a mistrial, which was based on the inadvertent statement of prosecution witness Teresa Paris, the Custodian of Records for the Philadelphia Prison System. The Commonwealth called Ms. Paris as a witness to properly introduce the prison visitation log mentioned above in order to draw a connection between the individuals who visited Appellant in prison and the people listed as contacts on the perpetrator's phone found at the scene of the assault.

Before Ms. Paris testified, the Court specifically instructed Ms. Paris that she should not use the phrase "police photo number" to identify Appellant. However, in response to the prosecutor's question on direct examination as to how Ms. Paris retrieved Appellant's visitation log, Ms. Paris responded, "When

a person comes in to visit [the prison], they're – they give the officer the name and PP num – the name and identification number of the person that they're visiting, sign in, give identification, and they're admitted." Notes of Testimony (N.T.), 6/9/15, at 160.

Thereafter, trial counsel moved for a mistrial based on Ms. Paris's partial reference to the phrase "PP number," claiming that jury members would know that that phrase signified that Appellant had a prior criminal history. The trial court denied this request.

Our Supreme Court addressed a similar claim in **Commonwealth v. Young**, 849 A.2d 1152 (Pa. 2004) and found that a mistrial was not warranted when a detective testified that he had referred to the defendant's police photo number when showing a witness a compilation of photos of individuals "who have had contact with the police." The Supreme Court found the detective's mere passing reference to the photograph did not suggest that the photo was in possession of the police due to the appellant's prior criminal activity.

As such, the Supreme Court clarified that "passing references to [police] photographs … and references to prior police contact do not amount to reversible error. Instead, it is only those references that expressly or by reasonable implication also indicate [that the defendant had] some involvement in prior criminal activity that rise to the level of prejudicial error." **Young**, 849 A.2d at 1156.

We agree with the trial court's assessment that a mistrial was not warranted as Ms. Paris's remark was fleeting and in no way suggested that Appellant was involved in prior criminal activity.

We reject Appellant's suggestion that the case in **Young** is distinguishable as the trial court in this case had specifically advised Ms. Young to use the phrase "unique identifying number" and not "prison identification number." Appellant fails to recognize the trial court found that Ms. Paris's partial reference to the prison identification number was inadvertent as she immediately corrected herself without any prompting when she realized her error.

Similarly, we reject Appellant's bald allegation that there is a reasonable likelihood that the jury would not have convicted him if this evidence had not been introduced. Ms. Paris's fleeting reference to the "PP num" did not lead to an inference that Appellant had engaged in prior criminal activity beyond the charges at issue. The jury had already been made aware that Appellant had been taken into custody for the instant charges when his prison visitation logs were introduced into evidence. Moreover, the jury was informed that Appellant was being tried *in absentia* as he had absconded from house arrest after cutting his electronic monitor.

Accordingly, as we find that the trial court properly exercised its discretion in denying Appellant's request for a mistrial, we conclude that the PCRA court correctly found that appellate counsel was not ineffective in failing to challenge the trial court's ruling on appeal. **See Johnson**, **supra**.

Lastly, Appellant claims that trial counsel was ineffective in failing to object to a particular jury instruction, which Appellant alleges was incorrect and prejudicial. Appellant challenges the following portion of the trial court's jury instructions:

> THE COURT: All right. You must consider and weigh the testimony of each witness and give it such weight as in your judgment it is fairly entitled to receive. The matter of credibility of a witness, **_that is whether or not his or her testimony is believable and accurate in whole or in part_**, is solely for your determination. I'll mention some factors that might bear upon that determination. Does the witness have any interest in the outcome of the case; any friendship or animosity towards persons in this case; behavior of the witness on the witness stand; his or her demeanor; his or her manner of testifying; whether or not he or she shows any bias or prejudice that might color his or her testimony; the accuracy of his or her memory and recollection; his or her ability and opportunity to acquire knowledge concerning the matters of which he or she testifies; consistency/inconsistency of his or her testimony; as well as reasonableness or unreasonableness in light of all the evidence in this case.
>
> If you find there is a conflict in testimony, you, the jury have the duty of deciding which testimony to believe. First, you should try to reconcile, that is fit together, any conflicts in testimony if you can fairly do so. Discrepancies in and conflicts between the testimony of different witnesses may or may not cause you to disbelieve some or all of their testimony. Remember, two or more persons witnessing an incident may see or hear it happen differently. Also it's not uncommon for a witness to be innocently mistaken in his or her recollection of how something happened. If you cannot reconcile conflict in testimony, it's up to you to decide which testimony, if any, to believe and which to reject as true or inaccurate.

N.T., 6/11/15, at 70 (emphasis added).

Appellant claims trial counsel was ineffective in failing to object to this jury instruction which Appellant claims was flawed because the trial court did

specifically not inform the jury verbatim that it was free to believe "all, part, *or none*" of a witness's testimony. Appellant criticizes the trial court for instructing the jury they were responsible for determining whether each witness was "believable and accurate in whole or in part" while omitting the option that the jury could choose to believe "none" of a witness's testimony.

Our review of this claim is guided by the following principles:

> The nature of a court's instructions to the jury is "within the discretion of the court, so long as the court accurately instructs the jury on the appropriate legal principles involved." ***Commonwealth v. Kim***, 888 A.2d 847, 852 (Pa.Super.2005) (quoting ***Commonwealth v. Hartey***, 424 Pa.Super. 29, 621 A.2d 1023, 1028 (1993)). This Court's main concern is "that the charge clearly, adequately, and accurately presents the law to the jury for its consideration." ***Id.*** (quoting ***Commonwealth v. Collins***, 810 A.2d 698, 701 (Pa.Super.2002)). The jury charge must be reviewed "not in isolated portions but as a whole to ascertain whether it fairly conveys the required legal principles at issue." ***Commonwealth v. McClendon***, 874 A.2d 1223, 1232 (Pa.Super. 2005).

***Commonwealth v. Willis***, 990 A.2d 773, 776 (Pa.Super. 2010). A "review of a challenged jury instruction "does not focus upon whether certain 'magic words' were included in the charge. Rather, it is the effect of the charge as a whole that is controlling." ***Commonwealth v. Montalvo***, 986 A.2d 84, 99 (Pa. 2009) (quoting ***Commonwealth v. Saunders***, 602 A.2d 816, 818 (Pa. 1992) (citations omitted)).

In reviewing the jury instruction as a whole, we find that the trial court's instruction clearly, adequately, and accurately presented the law to the jury in explaining how to assess the credibility of the witnesses. We reject

Appellant's claim that the trial court's instruction was invalidated by its failure to use the specific word "none" in its instruction.

The trial court indicated that the jury had the task of determining "whether or not" to find a witness's testimony to be believable and accurate. N.T., 6/11/15, at 70. The trial court also informed the jury that "[d]iscrepancies in and conflicts between the testimony of different witnesses may or may not cause you to disbelieve some or all of their testimony." *Id*. Further, the trial court specifically stated that the jury was required to "decide which testimony, *if any*, to believe and which to reject as true or inaccurate." *Id*. (emphasis added). As such, the trial court adequately instructed the jury that they could choose to believe none of a witness's testimony.

As there is no merit to Appellant's claim that the trial court's instruction was erroneous, counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Johnson*, *supra*. Further, Appellant did not attempt to argue that he was in any way prejudiced by the trial court's instruction. As a result, we discern no error in the PCRA court's denial of this request for relief.

Accordingly, for the foregoing reasons, we affirm the PCRA court's order dismissing the petition in this case.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 3/31/2022*