J-S36017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN BUTTS, | |
| Appellant | No. 2207 EDA 2013 |

Appeal from the PCRA Order July 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0800501-1994

BEFORE:  GANTMAN, P.J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY JENKINS, J.:            **FILED AUGUST 20, 2014**

John Butts appeals from an order entered on July 11, 2013 dismissing his Post Conviction Relief Act ("PCRA")[1] petition as untimely.  We affirm.

A jury found Butts guilty of first degree murder and possession of an instrument of crime.[2]  On April 3, 1996, the trial court sentenced him to life imprisonment without the possibility of parole. Butts appealed, and on April 8, 2001, this Court affirmed his judgment of sentence.  He did not appeal to the Pennsylvania Supreme Court.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. § 9541 *et seq*.

[2] 18 Pa.C.S. §§ 2502(a), 907, respectively.

On June 14, 2005, Butts filed a PCRA petition, and on April 6, 2006, he filed an amended PCRA petition. Both petitions alleged after-discovered evidence consisting of an affidavit from Jaquoy Johnson claiming that she witnessed the victim holding a firearm moments before the shooting. Trial Court Opinion, 10/15/2013 ("Trial Court Opinion"), at 3. Butts claims that he did not know at the time of trial about Johnson's presence at the scene of the crime, and that her affidavit constitutes after-discovered evidence, an established exception to the PCRA's one-year statute of limitations. *Id*.

On November 11, 2008, the PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. *Id.* at 1-2.[3] Butts did not file a response. The notice of intent advised Butts that the PCRA court intended to dismiss the petition without a hearing on December 10, 2008, but the record reflects that the court did not file an order of dismissal.[4]

_____

[3] The Clerk of Court did not enter this Pa.R.Crim.P. 907 notice to dismiss without a hearing on the docket. However, Butts concedes he received the notice. *See* Petition Under PCRA to Allow Appeal Nunc Pro Tunc, Exhibit A, Robert B. Mozenter, Esquire's Letter to the Honorable Peter F. Rogers dated June 3, 2010 ("On November 7, 2008 I received a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, stating that the PCRA that I filed on behalf of my client, Ishmael Jones [also known as John Butts] w[ould be] dismissed on December 10, 2008").

[4] Pa.R.Crim.P. 907 imposes two duties on a PCRA court dismissing a petition without a hearing: (1) delivery of the notice of intent to dismiss without a hearing to petitioner; and (2) delivery of the order of dismissal. *See* Pa.R.Crim.P. 907(1),(4). The trial court delivered to Butts only the notice of intent to dismiss without a hearing.

On April 4, 2011, Butts filed a PCRA petition to allow an appeal *nunc pro tunc*, even though the court had not yet dismissed his petition. The court did not act on this petition. Apparently because of the court's inaction, on September 4, 2012, Butts re-filed his PCRA petition, alleging that the same after-discovered evidence entitled him to relief. On March 21, 2013, Butts' PCRA counsel sent a letter to the PCRA court stating Butts was still awaiting the 907 notice and the official dismissal of the petition. *Id.* at 2. On May 3, 2013, the PCRA court sent a Pa.R.Crim.P. 907 notice of its intent to dismiss the April 4, 2011 and September 4, 2012 PCRA petitions as time-barred and devoid of merit. Butts did not file a response, and on July 11, 2013, the PCRA court orally dismissed all three of the PCRA petitions in open court.[5] N.T. 7/11/2013, pp. 3-4; Pa.R.Crim.P. 114(B)(3)(b) (service of order may be accomplished "orally in open court on the record"). Butts filed a timely appeal, and both Butts and the trial court complied with Pa.R.A.P. 1925.

Butts filed a timely appeal in which he raises a single issue:

> I. WHETHER THE PCRA COURT ERRED IN DISMISSING THE PCRA PETITION AS UNTIMELY AND WITHOUT HOLDING AN EVIDENTIARY HEARING ON THE NEWLY DISCOVERED EVIDENCE OF ACTUAL INNOCENCE?

Appellant's Brief at 4.

_____

[5] The PCRA court stated: "That [PCRA] matter is dismissed." N.T. 7/11/2013, p. 3. We construe this broad language to dismiss all three of the petitions pending before the court, those filed on April 6, 2006, April 4, 2011, and September 4, 2012.

J-S36017-14

As a preliminary matter, Butts confuses the burden of proof for PCRA matters. He argues "the Commonwealth had the burden of proving no genuine issue of fact exists [and] it did not satisfy that burden[. Therefore,] the PCRA [c]ourt erred when it dismissed the PCRA petition without an evidentiary hearing." Appellant's Brief at 11. Butts, as a PCRA petitioner, had the burden of proving by a preponderance of the evidence that he is entitled to relief under the PCRA and that his petition is timely. *See* 42 Pa.C.S. § 9543(a); *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa.Super.2012) (PCRA petitioner's burden to plead and prove exception to the one-year limitation).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Id.* A PCRA petition must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner meets one or more of the limited exceptions set forth in 42 Pa.C.S. § 9545(b)(1).[6] A

_____

[6] These exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

- 4 -

judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). A petition invoking one of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

Butts' judgment of sentence became final on May 8, 2001, the deadline for seeking review with our Supreme Court from this Court's order on direct appeal affirming his judgment of sentence. **See** Pa.R.A.P. 1113(a) (appellant must file a Petition for Allowance of Appeal to the Supreme Court within 30 days from entry of Superior Court's final order). Accordingly, Butts had one year, until May 8, 2002, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). He filed his original petition on June 14, 2005, approximately three years after the expiration of time for seeking review, and filed the present petition on April 4, 2011, approximately nine years after the expiration of time. Therefore, both petitions are untimely.

_____

*(Footnote Continued)* ———————————

    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Butts insists that Jaquoy Johnson's affidavit satisfies the after-discovered evidence exception to the one-year statute of limitations.[7] **See** 42 Pa.C.S. § 9545(b)(1)(ii) (excusing late-filed PCRA petitions when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Specifically, Butts asserts that on the night of the shooting, Johnson witnessed the victim enter the victim's residence with a firearm and thereafter exit the home holding the same firearm. Trial Court Opinion, at 3. She allegedly saw Butts standing on the outside of the property on the victim's steps. **Id**. Butts claims that neither he nor his defense team knew about Johnson's presence at the scene of the crime and her exculpatory testimony at the time of trial. He also contends that Johnson's affidavit defeats the finding of first degree murder, because if her testimony is credible, "there was no evidence of deliberation" and "no evidence from which the jury could rationally conclude that [Butts] formed a plan to kill [the victim]." **Id**. at 12, 13.

_____

[7] On February 24, 2006, the PCRA court "permitted the defense, after hearing argument by the Commonwealth, to secure an affidavit for the witness (Jaquoy Johnson) who was to supposedly provide exculpatory evidence in this case. The [PCRA] court granted the defense sixty (60) days to secure the affidavit . . . ." Trial Court Opinion, at 5 n. 4. Although Butts did not secure an affidavit from Johnson detailing the contours of her recollection of the events leading up to the shooting, on April 6, 2006, the defense attached Johnson's affidavit to his amended PCRA petition, which verified the accuracy of the information contained in the petition.

To obtain relief based upon newly-discovered evidence under the PCRA,

> a petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. D'Amato*, 856 A.2d 806, 823-24 (2004) (internal citations omitted).

Butts' claim is untimely because he fails to demonstrate that he filed his petition within 60 days of the date his claim of newly discovered evidence could have been presented. *See* 42 Pa.C.S. § 9545(b)(2). In his original and subsequent petitions, Butts failed to specify precisely when the exculpatory evidence became available and why the evidence was not available at the time of trial through the exercise of reasonable due diligence. *See* Petition Under PCRA to Allow Appeal Nunc Pro Tunc, ¶¶ 8-11. The record is confusing as to when Butts first learned about Johnson's observations of the victim before the shooting. Although Butts' original 2005 PCRA petition references Johnson's testimony, and the record includes Johnson's signed acknowledgement of receipt of a subpoena dated February 23, 2006, the affidavit signed by Johnson is dated April 6, 2006. On appeal, however, Butts asserts:

> Petitioner's claim relies on the [a]ffadavit of Jaquoy Johnson dated April 2, 200**4**. The PCRA petition was

filed June 14, 2005 which is within 60 days of the discovery of the new information on April 2, 200**4**.

Appellant's Brief at 13 (emphasis added). Accepting the accuracy of the dates in Butts' brief, June 14, 2005 is over a year after the discovery of information on April 2, 2004, rendering the instant petition untimely under the exception. Even if Johnson's affidavit was dated April 2, 2005, his June 14, 2005 petition was still filed more than 60 days later. Thus, Butts failed to file the PCRA petition within 60 days of discovering Johnson's exculpatory information. *See* 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa.Super.2012) (PCRA petitioner has the burden to plead and prove exception to the one-year limitation).

Nor does Butts demonstrate why he could not have discovered Johnson's information at the time of trial through the exercise of reasonable due diligence. Butts does not state when or how he acted with due diligence in ascertaining the new information, *i.e.*, what actions he took prior to or during trial that would have been reasonably calculated to reveal Johnson's testimony. This alone constitutes a basis for denying relief. *See, e.g., Commonwealth v. Yarris*, 731 A.2d 581, 588-91 (Pa.1999) (claim failed because appellant did not make sufficient proffer of why it took so long to present claim and therefore did not show that he acted with due diligence). Butts cites to authorities from other jurisdictions that expound on the due diligence requirement for prisoners. *See* Appellant's Brief at 12-13. These decisions are not binding; nor does he apply their rationale to his case. *Id*.

- 8 -

Butts was not incarcerated at the time of trial; thus, these holdings are patently irrelevant. In short, Butts fails to establish he acted with due diligence in obtaining Johnson's testimony.

Even if we were to reach the merits of Butts' argument, his claim for relief would fail because, as the PCRA court reasons, the newly discovered evidence would not likely compel a different verdict. **See, e.g., D'Amato**, 856 A.2d at 823-24. Trial Court Opinion, at 5.

In **Commonwealth v. Holmes**, the petitioner claimed the after-discovered evidence exception applied to his proffer of an affidavit of an eyewitness who claimed he saw another individual, not the petitioner, commit the crime. 905 A.2d 507, 511-512 (Pa.Super.2006). Because the Commonwealth presented adequate evidence of the petitioner's guilt beyond a reasonable doubt, we held that the affidavit would not have compelled a different verdict, and thus the evidence failed to satisfy the requirements of the exception to the PCRA time-bar.

Here, the PCRA court reasoned:

> [A]s in the **Holmes** case, [Butts'] claim of supposed newly discovered evidence would not have compelled a different verdict. In his statement on appeal, [Butts] merely states that 'the presence of a gun with the victim and the sound of gunshots coming from the steps of the property are exculpatory in nature.' [Butts] is incorrect in that assumption. The Commonwealth's evidence admitted at trial was adequate and sufficient to convict [Butts].

Trial Court Opinion, at 5 (no quote citation in original). Moreover, when we addressed Butts' challenge to the sufficiency of the evidence on direct appeal, we opined:

> [Butts] fired at least four shots at the fleeing victim, who was struck by two of them, one at such an angle as to pass through both thighs, and the other entering the victim's chest and exiting through his side. Despite [Butts'] claim that the flight path of the bullet which struck the victim's chest was determined by the kickback of the gun caused by the first, lower shot, there is no definitive means of ascertaining which bullet struck first. However, this lack of clarity presents no impediment to the jury's conclusion.
>
> In **Commonwealth v. Wyche**, 467 A.2d 636, 637 (Pa. Super. 1983), this Court held that even though the fatal bullet penetrated a non-vital part of the victim's body, the buttocks, the jury could properly infer specific intent to kill from the fact that the appellant fired multiple shots at the victim. Here, as in **Wyche**, multiple shots were fired. Moreover, the lethal shot did in fact strike a vital part of the victim's body, as [Butts'] perseverance in continuing to fire as the victim ran clearly meant that it should do. Thus, the evidence was clearly sufficient to support the verdict.

**Commonwealth v. Butts**, 1190 EDA 2000, at *3 (Pa.Super.2001) (unpublished memorandum). Johnson's affidavit does not undermine our reasoning that the evidence was sufficient to support his conviction for first-degree murder. Accordingly, Johnson's affidavit would not have compelled a different verdict.

Order ***affirmed***.[8]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2014

---

[8] The PCRA court also addressed Butts' argument that the Commonwealth's evidence was insufficient to convict him of first-degree murder because the prosecution failed to prove he acted with malice when he shot the victim. Trial Court Opinion, at 5. Butts does not present this argument on appeal and thus we find it abandoned. Moreover, this issue was previously litigated before this Court and, thus, not cognizable. ***See Commonwealth v. Butts***, 1190 EDA 2000 (Pa.Super.2001) (unpublished memorandum); 42 Pa.C.S. § 9543(a)(3); ***Commonwealth v. Ligons***, 971 A.2d 1125, 1137 (Pa.2009) (issue previously litigated not cognizable and "an issue has been previously litigated if 'the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue'") (quoting 42 Pa.C.S. § 9544(a)(2)).