J-S31033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL GONZALEZ | : | |
| | : | |
| Appellant | : | No. 857 EDA 2024 |

Appeal from the Order Entered February 27, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001582-2006

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 23, 2024**

Miguel Gonzalez ("Gonzalez") appeals pro se from the order entered by the Monroe County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Gonzalez's PCRA petition was not timely filed and he failed to establish an exception to the statutory time bar, we affirm.

Gonzalez was charged in connection with the death of Jeannette Claudio ("Claudio").  A prior panel of this Court set forth the pertinent factual and procedural history of this case as follows:

> On November 18, 2006, police responded to a report of []
> Claudio lying dead in a house.  Gonzalez also had a head wound

---

[1]  42 Pa.C.S. §§ 9541-9546.

and a loaded gun was found lying next to his body.[2]   Gonzalez was arrested and removed in an ambulance.  Gonzalez survived and was apparently able to recover from the head wound.  The couple's two children were in the residence at the time of the murder.

At trial, Gonzalez's counsel conceded that Gonzalez was the shooter, and presented a diminished capacity defense, despite Gonzalez's testimony as to his innocence.

\* \* \*

On October 7, 2008, after trial by jury, Gonzalez was convicted of first-degree murder, third-degree murder, two counts of recklessly endangering another person, possession of a firearm prohibited, and intercepted communications.[fn]   On January 12, 2009, Gonzalez was sentenced to life imprisonment without parole followed by incarceration of not less than four, nor more than eight years.   On January 21, 2009, Gonzalez filed a motion for reconsideration of sentence which was denied by the trial court on January 23, 2009.

[fn] 18 Pa.C.S.[] §§ 2501(a), 2502(c), 2705, 6105(a)(1), … 5703(1)[.]

On February 10, 2009, Gonzalez filed a notice of appeal to the Pennsylvania Superior Court.  The Superior Court affirmed the conviction and judgment of sentence by memorandum decision on December 30, 2009.  [**Commonwealth v. Gonzalez**, 464 EDA 2009 (Pa. Super. Dec. 30, 2009) (non-precedential decision).] Gonzalez filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 14, 2010. [**Commonwealth v. Gonzalez**, 998 A.2d 959 (Pa. 2010).] Following this denial, Gonzalez did not file any petition for post-conviction relief at the state level.

On December 9, 2010, Gonzalez filed a pro se petition for federal habeas corpus relief in the United States District Court for the Eastern District of Pennsylvania alleging ineffective assistance of counsel and prosecutorial misconduct.  By order dated May 13,

---

[2] As a result of the gunshot wound to his head, Gonzalez is "legally and completely" blind.  Gonzalez's Brief at 23.

- 2 -

2011, the case was transferred to the United States District Court for the Middle District of Pennsylvania. The District Court denied Gonzalez's habeas corpus petition for failure to exhaust state remedies and concluded [he did not qualify for any exception to that requirement.] *Gonzalez v. Pennsylvania*, No. 4: CV-11-0955, 2014 WL 2090699, at *3 (M.D. Pa. 2014). On July 19, 2016, the United States Court of Appeals for the Third Circuit affirmed the District Court's decision. Gonzalez filed a petition for writ of certiorari to the U.S. Supreme Court on January 12, 2017, which was denied on March 25, 2019.

On July 19, 2018, Gonzalez filed a pro se motion for post-conviction collateral relief. On August 3, 2018, the PCRA court appointed Brian Gaglione, Esq., as Gonzalez's counsel. On March 15, 2019, after hearing, the PCRA court issued a PCRA opinion and order denying Gonzalez's PCRA petition and affording Gonzalez thirty (30) days to file an appeal with the Pennsylvania Superior Court. Appointed counsel … failed to file a timely appeal. On August 19, 2019, Gonzalez filed a pro se PCRA petition for restoration of appellate rights, nunc pro tunc, based on the allegation his court-appointed counsel failed to file a timely appeal, and that said failure constituted per se ineffectiveness of counsel. On September 16, 2019, the PCRA court removed [Attorney] Gaglione[] and appointed Janet Marsh Catina, Esq. as Gonzalez's court-appointed attorney and scheduled a hearing.

On November 8, 2019, after hearing and with the concurrence of the Commonwealth, the PCRA court granted Gonzalez's pro se petition for reinstatement of appellate rights, nunc pro tunc. Gonzalez was afforded thirty (30) days to file an appeal with the Pennsylvania Superior Court. [Attorney Catina] failed to file a timely appeal. By order dated February 21, 2020, the PCRA court reinstated Gonzalez's appellate rights and afforded thirty (30) days to file an appeal with the Pennsylvania Superior Court. In addition, the PCRA court removed [Attorney] Catina[] as counsel, and appointed Lauren E. Allu, Esq., as counsel to represent Gonzalez for the purpose of appeal.

*Commonwealth v. Gonzalez*, 840 EDA 2020, 2020 WL 6707033 at *1-2

(Pa. Super. Nov. 16, 2020) (non-precedential decision) (cleaned up; footnote

in original). Gonzalez filed a notice of appeal on March 2, 2020, and this Court

affirmed on November 16, 2020. *Id.* Our Supreme Court denied his petition for allowance of appeal on May 12, 2021, and the United States Supreme Court denied his petition for certiorari on November 15, 2021.

On October 27, 2023, Gonzalez filed pro se the instant PCRA petition, in which he raised the government interference exception to the PCRA's time bar. On February 6, 2024, the PCRA court issued its notice of intent to dismiss Gonzalez's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. After Gonzalez filed a response to the PCRA court's Rule 907 notice, the PCRA court dismissed Gonzalez's petition. This timely appeal followed.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Wilson*, 273 A.3d 13, 18 (Pa. Super. 2022) (citations omitted).

Gonzalez presents three questions for our review, but the threshold question we must address is whether Gonzalez timely filed the instant PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of

the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

The Pennsylvania Supreme Court denied Gonzalez's petition for allowance of appeal on July 14, 2010. Therefore, his judgment of sentence became final on October 12, 2010, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3). The instant PCRA petition, which Gonzalez filed on October 27, 2023, was patently untimely. Accordingly, we must determine whether Gonzalez has pled and proven a timeliness exception to the PCRA's time-bar. *See id.* § 9545(b)(1).

Gonzalez argues that the government interference exception of section 9545(b)(1)(i) applies. Gonzalez's Brief at 14, 17, 21. He complains that the trial judge, as a government official, interfered with his "fundamental rights/due process" because the trial judge knew of Gonzalez's "low cognitive functioning," yet did nothing to "resolve the constitutional defense conflict" Gonzales had with his trial counsel. *Id.* at 15-16. Gonzalez contends that the conflict involved trial counsel's presentation of a diminished capacity defense and concession to the jury that Gonzalez shot and killed Claudio, while Gonzalez maintained his innocence. *Id.* at 15. Because the trial judge "merely limited" trial counsel's trial strategy, Gonzalez argues the trial judge

left him "helpless to the whims" of trial counsel. *Id.* According to Gonzalez, both he and the assistant district attorney raised this conflict before the trial judge, and although he said he would address it later, he never did. *Id.* at 17. By failing to remove trial counsel, Gonzalez argues that the trial judge "compounded the unconstitutionality" of trial counsel's concession of his guilt and interfered with his appellate rights. *Id.* at 17.

Gonzalez further takes issue with the PCRA court's characterization of his argument, insisting that he is not claiming that trial counsel is a government official, but rather that the trial judge is. *Id.* at 17, 21; *see also* PCRA Order, 2/27/2024, at 2 n.1 (PCRA court finding that Gonzalez's claim raised in his PCRA petition that the trial judge failed to protect his fundamental rights was raised "amidst a variety of ineffective assistance of counsel claims" and that Gonzalez appeared to contend that the trial judge should have substituted sua sponte his judgment for that of trial counsel).[3]

Gonzalez's claim is meritless. He asserts that section 9545(b)(1)(i) excuses the untimely filing of his PCRA petition, yet as the basis of his claim, Gonzalez relies on the purported failure of the trial judge, at trial, to remove trial counsel. This argument confuses his claim regarding the trial judge's actions with what is required to establish the government interference exception. Even assuming the trial judge acted improperly, Gonzalez is not

---

[3] We note with disapproval that the Commonwealth's brief fails to address the government interference exception argued by Gonzalez.

entitled to an indefinite period to raise the claim by invoking the government interference exception. **See Commonwealth v. Smith**, 194 A.3d 126, 133 (Pa. Super. 2018). To the contrary, a petitioner must file a petition invoking a timeliness exception "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Gonzalez's trial was approximately sixteen years ago and by his own account, he has known about the trial judge's actions since his trial in 2008. **See** Gonzalez's Brief at 15, 17, 21, 24, Ex. A (copy of letter Gonzalez wrote to trial judge dated 10/8/2008 (requesting, one day after the jury rendered its verdict, that the trial judge appoint him new counsel because of a conflict in defenses at trial)).

Further, Gonzalez fails entirely to demonstrate how the trial judge interfered with a meaningful opportunity to present his claim sooner and provides no explanation as to why he failed file it earlier. Pointedly, for the government interference exception to apply, a petitioner "is required to show that but for the interference of a government actor he could not have filed his claim earlier." **Commonwealth v. Staton**, 184 A.3d 949, 955 (Pa. 2018) (citation and quotation marks omitted); **see also** 42 Pa.C.S. § 9545(b)(1)(i). Without such a showing, Gonzalez's attempt to use the government interference exception to the PCRA's time bar fails.

Based upon the foregoing, the PCRA court did not err in concluding that Gonzalez's petition was untimely, that he failed to satisfy any exception to the

PCRA's time bar, and that it did not have jurisdiction to entertain the merits of his petition. Accordingly, Gonzalez is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2024