J-S09021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOLOMON MCKEEVER ELLISON, III | : | |
| | : | |
| | : | No. 1578 EDA 2024 |

Appeal from the PCRA Order Entered May 1, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000167-2014

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                    **FILED MAY 7, 2025**

Solomon McKeever Ellison, III ("Ellison") appeals pro se from the order entered by the Delaware County Court of Common Pleas dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Ellison's PCRA petition was not timely filed and he failed to establish an exception to the statutory time bar, we affirm.

On October 16, 2015, a jury convicted Ellison of involuntary deviate sexual intercourse ("IDSI") by forcible compulsion; IDSI by threat of forcible compulsion; aggravated assault with a deadly weapon; sexual assault; indecent assault by forcible compulsion; indecent assault by threat of forcible

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

compulsion; indecent assault without consent; possession of a weapon; unsworn falsification to authorities; and false identification to a law enforcement officer.[2]  The trial court sentenced him to an aggregate term of thirty to sixty years of incarceration followed by two years of probation.[3] Ellison timely appealed, this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on May 7, 2018. *Commonwealth v. Ellison*, 743 EDA 2016, 2017 WL 4266351 at *1 (Pa. Super. Sept. 26, 2017) (non-precedential decision), *appeal denied*, 185 A.3d 278 (Pa. 2018).  Ellison did not seek review of his judgment of sentence before the United States Supreme Court.

On April 26, 2019, Ellison, through his counsel, Attorney Teri Himebaugh, timely filed his first PCRA petition.  Therein, he raised claims of ineffectiveness of counsel for stipulating to the admission of prior bad act evidence; stipulating to a juvenile adjudication for crimen falsi purposes; failing to object to the prosecutor's characterization of the juvenile

_____

[2] 18 Pa.C.S. §§ 3123(a)(1), 3123(a)(2), 2702(a)(4), 3124.1, 3126(a)(2), 3126(a)(3), 3126(a)(1), 907(b), 4904(a)(1), 4914(a).

[3] The sentence included a twenty-five year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718.2(a)(1) (requiring a mandatory minimum sentence of twenty-five years of incarceration for "[a]ny person who is convicted … of an offense set forth in section 9799.14 (relating to sexual offenses…)" and who, "at the time of the commission of the current offense … had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth…").  Further, the trial court found Ellison is a sexually violent predator ("SVP").

- 2 -

adjudication during closing arguments; and that the cumulative prejudice of these errors entitled him to relief. After an evidentiary hearing, at which Ellison's trial counsel testified, and the parties' submission of post-hearing briefs, the PCRA court denied the petition. Ellison, still represented by Attorney Himebaugh, timely appealed. This Court affirmed and our Supreme Court denied his petition for allowance of appeal on May 2, 2022. *Commonwealth v. Ellison*, 305 EDA 2020, 2021 WL 1310860 at *1 (Pa. Super. Apr. 8, 2021) (non-precedential decision), *appeal denied*, 277 A.3d 552 (Pa. 2022).

On November 16, 2022, Ellison filed pro se the instant PCRA petition, his second, along with a memorandum of law. In the memorandum, he asserted that Attorney Himebaugh was ineffective for failing to pursue claims of ineffective assistance of trial counsel that he asked her to assert in his first PCRA petition. Ellison's Memorandum of Law, 11/16/2022, at 3-11. He further contended that he timely filed the instant petition under section 9545(b)(1)(iii) of the PCRA pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021),[4] claiming the decision created a newly recognized constitutional right that has been held to apply retroactively, and that the instant petition was his first opportunity to raise claims of Attorney

_____

[4] In *Bradley*, our Supreme Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401 (footnote omitted).

Himebaugh's ineffectiveness. PCRA Petition, 11/16/2022, ¶ 5(iii); Ellison's Memorandum of Law, 11/16/2022, at 1-3, 11.

The PCRA court appointed counsel, Attorney Stephen Molineux, who subsequently filed an application to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988). Attorney Molineux determined, without discussion, that the second PCRA petition was timely filed, but concluded Ellison's claims lacked merit and found no other meritorious issues upon review of the record. *Turner*/*Finley* No Merit Letter, 3/21/2024, at 4-6. On April 1, 2024, the PCRA court entered a notice of its intent to dismiss the second PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and granted Attorney Molineux's application to withdraw. In its Rule 907 notice, the PCRA court likewise found the instant petition timely filed, but did not explain its conclusion in that regard. Rule 907 Notice, 4/1/2024, ¶ 5. It further concluded that there were no genuine issues concerning any material fact, Ellison was not entitled to relief, and no purpose would be served by further proceedings. *Id.* at 1. On May 1, 2024, the PCRA court dismissed the PCRA

petition.[5]  This timely appeal followed.[6]  Both the PCRA court and Ellison complied with the mandates of Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party.  With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

***Commonwealth v. Wilson***, 273 A.3d 13, 18 (Pa. Super. 2022) (citations omitted).

_____

[5] On May 22, 2024, Ellison filed a pro se response to the Rule 907 notice, which was substantively similar to his memorandum of law in support of the instant PCRA petition.  Included in his response was a copy of a letter dated April 19, 2024, with an apparent timestamp of April 25, 2024, which requested an extension of time to file a response to the Rule 907 notice.  This letter was not entered on the docket and it does not appear the PCRA court ruled on it.

[6] On September 3, 2024, this Court entered an order to show cause why the instant appeal should not be quashed as untimely filed.  The appeal was filed on June 3, 2024, and the dismissal of the PCRA petition was by order filed May 1, 2024.  Ellison responded and this Court discharged the show cause order on November 26, 2024.  We have confirmed that Ellison's envelope containing the notice of appeal was postmarked May 30, 2024, one day before the filing deadline, rendering the notice of appeal timely filed.  ***See*** Pa.R.A.P. 121(f) ("A pro se filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").

Ellison presents two questions for our review, but the threshold question we must address is whether he timely filed the instant PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) (stating that "the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Instantly, a prior panel of this Court explained:

Ellison's judgment of sentence became final on Monday, August 6, 2018, upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at conclusion at expiration of time for seeking review, including discretionary review at U.S. Supreme Court); U.S.Sup.Ct.R. 13 (petition for writ of certiorari must be filed within 90 days of judgment); U.S.Sup.Ct.R. 30 (where last permitted day for filing falls on weekend, filing deadline shall be extended to next business day).

*Ellison*, 2021 WL 1310860 at *2 n.3 (party designation supplied). Thus, the petition filed on November 16, 2022 is patently untimely. Accordingly, we must determine whether Ellison has pled and proven a timeliness exception to the PCRA's time-bar. *See* 42 Pa.C.S. § 9545(b)(1).

As noted above, Ellison asserted in his instant PCRA petition that it was not time-barred pursuant to *Bradley*. PCRA Petition, 11/16/2022, ¶ 5(iii); Ellison's Memorandum of Law, 11/16/2022, at 1-3, 11. However, he makes

- 7 -

no such argument in his brief—Ellison does not address the timeliness of his petition beyond a passing reference to **Bradley** in the procedural history section of his brief. **See** Ellison's Brief at 5 ("On November 16, 2022, Appellant filed a timely pro se appeal alledging (sic) ineffective assistance of PCRA Counsel pursuant to **Commonwealth v Bradley**, 261 A.3d 381 (Pa. 2021)).

In its brief, the Commonwealth asserts that Ellison untimely filed the petition, relying on this Court's decision in **Commonwealth v. Stahl**, 292 A.3d 1130 (Pa. Super. 2023) (holding petitioner's first opportunity to raise ineffectiveness of PCRA counsel claims with respect to his first PCRA petition was on appeal of the denial of that first petition and such claims raised in a second PCRA petition were time-barred).

In his reply brief, Ellison argues that **Stahl** is distinguishable and his petition is timely because, after our Supreme Court denied his petition for allowance of appeal on May 2, 2022, he was "[f]aced with a looming deadline in Federal Court" and "unable to file his claim of ineffective assistance of PCRA couns[e]l without first filing his federal habeas corpus petition and seeking a stay of the same." Ellison's Reply Brief at 1 (unpaginated). He explained:

> On August 16, 2022, Ellison filed his federal habeas corpus petition, and requested a stay and abeyance of the same to litigate his ineffective assistance of PCRA counsel claim.
>
> Once the federal court granted the stay, Ellison filed this instant PCRA petition on November 16, 2022, which is the subject of this appeal. As evidenced by the timeline presented, Ellison has established that he filed his PCRA petition at the earliest

opportunity when not represented by [Attorney] Himebaugh. Furthermore, in contrast with the Commonwealth's position, the lower Court found the PCRA to be timely, and thus shows why the *Stahl* case is inopposite [(sic)]of Ellison's in the case sub judice.

*Id.* at 1-2 (unpaginated) (party designation altered). The PCRA court did not address the timeliness of the petition in its Rule 1925(a) opinion.[7]

Upon review, we conclude that Ellison's instant PCRA petition is untimely. The law is clear that *Bradley* does not provide relief for untimely PCRA petitioners: "Nothing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Stahl*, 292 A.3d at 1136; *see also Commonwealth v. Laird*, 331 A.3d 579, 583 (Pa. 2025) (holding "*Bradley* did not establish an equitable exception to the PCRA's time-bar" and "its rationale cannot be extended to create one"). Indeed, even where, as here, PCRA counsel whose effectiveness is later challenged represents the petitioner throughout the PCRA petition appeal, a petitioner "in that situation who wishes to assert claims that PCRA counsel was ineffective can request to have new counsel appointed to permit the assertion of such claims or can seek to represent himself." *Stahl*, 292 A.3d at 1135 (citations omitted).

_____

[7] The PCRA court agreed with the analysis in Attorney Molineux's *Turner*/*Finley* No Merit Letter of Ellison's layered claims of ineffectiveness of PCRA and trial counsel and the conclusion that they lacked merit. *See* PCRA Court Opinion, 9/26/2024, at 5-6; *see also Turner*/*Finley* No Merit Letter, 3/21/2024, at 5-6.

*Stahl* is directly applicable here because Ellison is seeking to assert the ineffectiveness of Attorney Himebaugh (his first PCRA counsel) through an untimely second PCRA petition; his reliance on *Bradley* is misplaced as it does not provide a basis to overcome the PCRA's one-year time bar.  *See Laird*, 331 A.3d at 583; *Stahl*, 292 A.3d at 1135-36.  Ellison's assertion that his first opportunity to raise claims of Attorney Himebaugh's ineffectiveness arose after he received a stay of his federal court proceedings is unavailing.  He failed to raise such claims during the appeal from the denial of his timely first PCRA petition by requesting the appointment of new counsel or proceeding pro se.  *See Stahl*, 292 A.3d at 1135.  Because Ellison has not established that any statutory exception to the PCRA's one-year time limit applies to his claims of ineffectiveness of PCRA counsel raised in his second, untimely PCRA petition, and *Bradley* does not provide an exception to the PCRA's time-bar, Ellison's instant PCRA petition is time-barred.  *See Laird*, 331 A.3d at 599 ("[A]s a jurisdictional matter, it makes no difference what types of claims are raised or the circumstances under which the claims arise with regard to whether a PCRA petition is timely or meets a timeliness exception.  If claims are cognizable under the PCRA, but are filed in an untimely manner without an applicable exception, no court has the lawful authority to adjudicate those claims.") (footnote omitted).

Based upon the foregoing, we conclude that the PCRA court erred when it determined that Ellison's second PCRA petition was timely.  Nonetheless,

the law is clear that we may affirm the lower court's decision on any basis supported by the record. *See Commonwealth v. Gibson*, ___ A.3d ___, 2025 WL 853905, *9 (Pa. Super. Mar. 19, 2025). The record establishes that Ellison's second PCRA petition was untimely filed and that he failed to satisfy any exception to the PCRA's time bar. Thus, the PCRA court was without jurisdiction to entertain the merits of his petition and we affirm the order dismissing the petition without a hearing on that basis.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2025